[Cite as *State v. Griffy*, 2022-Ohio-2814.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO

    Appellee

    v.

BRANDON L. GRIFFY

    Appellant

C.A. No.    21CA0028-M

APPEAL FROM JUDGMENT
ENTERED IN THE
WADSWORTH MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    20TRC01173-A

DECISION AND JOURNAL ENTRY

Dated: August 15, 2022

HENSAL, Presiding Judge.

{¶1}    Brandon Griffy appeals the denial of his motion to suppress by the Wadsworth Municipal Court. For the following reasons, this Court affirms.

I.

{¶2}    Following Mr. Griffy's involvement in a motor vehicle collision, Officer Nathan Ball went to the hospital where Mr. Griffy was being treated and obtained a toxicology report from his medical records. After Mr. Griffy was charged with operating a vehicle while under the influence and failure to control, he moved to suppress the report, arguing that Officer Ball obtained it in violation of his Fourth Amendment rights. The municipal court determined that it was not necessary to determine whether Mr. Griffy had a reasonable expectation of privacy in his medical records because Officer Ball had a good faith belief that he could obtain the report without a search warrant. Accordingly, it was not appropriate to apply the exclusionary rule. Following the denial his motion to suppress, Mr. Griffy pleaded no contest to the charges. The municipal court found

him guilty of the offenses and sentenced him to a suspended sentence. Mr. Griffy has appealed, assigning as error that the municipal court incorrectly denied his motion to suppress.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶3} Mr. Griffy argues that he had a reasonable expectation of privacy in his medical records and that Officer Ball violated his Fourth Amendment rights because he obtained the toxicology report without a warrant or his consent. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id*., citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). Thus, this Court grants deference to the trial court's findings of fact but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶4} Mr. Griffy asks this Court to address the constitutionality of whether a law enforcement officer, acting under the authority of Revised Code Sections 2317.02 and 2317.022, may obtain a patient's medical records without a warrant or the patient's consent. Our review of

the municipal court's ruling, however, reveals that the court did not address that issue. Instead, the court determined that it was objectively reasonable for Officer Ball to rely on the statutes and obtain Mr. Griffy's records without a warrant or his consent. Because the court concluded that the good-faith exception to the exclusionary rule thus applied, it denied Mr. Griffy's motion to suppress.

{¶5} Mr. Griffy has not developed an argument on appeal challenging the municipal court's determination that the report should not be suppressed because the good faith exception to the exclusionary rule applies. We, therefore, conclude that, regardless of whether Officer Ball's actions violated Mr. Griffy's constitutional rights, Mr. Griffy has not established that the municipal court incorrectly denied his motion to suppress. *State v. Ball*, 9th Dist. Summit No. 29484, 2020-Ohio-3156, ¶ 10 (upholding denial of motion to suppress because appellant did not challenge basis of trial court's decision). Accordingly, Mr. Griffy's assignment of error is overruled.

III.

{¶6} Mr. Griffy's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

BRADLEY J. PROUDFOOT, Attorney at Law, for Appellee.